UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLGA NIKITINA,

                           Plaintiff,

-vs-                                                     Case No.  6:06-cv-1712-Orl-31KRS

TILAK ENTERPRISE OF AMERICA,
INC., KAMLESH R. PATEL and
MINAKASHIBEN PATEL ,

                           Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

         This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| MOTION: | PARTIES JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE AND ENTER CONSENT FINAL JUDGMENT (Doc. No. 37) |
| FILED: | August 24, 2007 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.     PROCEDURAL HISTORY.

         In the present case, Plaintiff Olga Nikitina alleged that her former employers, Defendants Tilak

Enterprise of America, Inc. (Tilak), Kamlesh R. Patel and Minakashiben Patel, failed to pay her

overtime and minimum wages due under the Fair Labor Standards Act, 29 U.S.C. § 209 (FLSA), and

breached an express employment contract.  Doc. No. 1.  Defendant Minakashiben Patel filed a

handwritten answer to the Complaint.  Doc. No. 6.  The Court notified Defendant Minakashiben Patel

that the document would be treated as an answer on her behalf, but that it would not be considered an answer on behalf of Kamlesh R. Patel or Tilak.  Minakashiben Patel was expressly advised that the corporation could only appear and be heard through counsel.  Doc. No. 7.

On February 6, 2007, the Clerk of Court entered a default against Tilak and Kamlesh R. Patel. Doc. No. 15.  On March 9, 2007, Nikitina filed a motion for default judgment against Tilak and Kamlesh R. Patel.  Doc. No. 22.

In response to a letter filed by Minakashiben Patel indicating that the defendants could not afford to hire an attorney, the Court gave Tilak and Kamlesh R. Patel an enlargement of time through April 30, 2007, to respond to the motion for default judgment, and gave Minakashiben Patel until April 30, 2007, to file a verified summary of hours.  Doc. Nos. 27, 28.

Because Minakashiben Patel did not timely file the verified summary of hours, the Court subsequently ordered that her answer be stricken and directed the Clerk of Court to enter a default against her.  Doc. No. 31.  The default was entered on May 8, 2007.  Doc. No. 32.

Thereafter, the Court denied the pending motion for default judgment without prejudice with leave to refile it as to all defendants on or before June 18, 2007.  Doc. No. 33.  When an amended motion for default judgment was not filed by that date, the Court entered an Order to Show Cause why the case should not be dismissed.  Doc. No. 34.  In response to the order, counsel for Nikitina advised the Court that an attorney for the defendants had contacted him and that the parties had settled the case.  Doc. No. 35.  The present motion and settlement agreement were filed on August 24, 2007.

## II.    WHETHER THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE CASE.

In her answer to the Court's Interrogatories, Nikitina estimated that she was due $236.18 in unpaid overtime, $98.10 in unpaid minimum wages, and $206.85 in wages due under the employment contract, plus liquidated damages and attorneys' fees.  Doc. No. 17-2.  Under the settlement

agreement, entered into in July 2007, Nikitina agreed to accept $236.18 in unpaid overtime, $48.74 in unpaid minimum wages, $168.16 in unpaid wages under the contract, and $284.92 in liquidated damages, for a total of $738.00. Under the settlement agreement, Nikitina's attorneys would receive $3,906.00 in attorney's fees and costs. Doc. No. 37-2. In the motion, the parties represent that, after review of the payroll records, the settlement results in Nikitina receiving "100% of her overtime hours and minimum wages owed . . . ." Doc. No. 37 at 2.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d 1350, 1352-55 (11th Cir. 1982). Because Nikitina will receive the total amount of wages allegedly due and owing under the FLSA as part of the settlement, that portion of the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

With respect to the agreed upon attorney's fees, the Court notes that this is one of two cases brought by the same law firm against Tilak, Kamlesh R. Patel and Minakashiben Patel. *See Largado v. Tilak Enterprises of America, Inc.*, Case No. 6:06-cv-1465-Orl-31KRS. The *Largado* case has a similar procedural history to the present one in that no attorney entered an appearance for the defendants, and defaults were entered against all three defendants. *Id.*, doc. no. 14. The parties entered into a settlement agreement on the same dates as the settlement agreement signed in the *Nikitina* case. Under the settlement agreement, Plaintiff Largado received all of the unpaid overtime compensation and minimum wages he claimed to be due and owing, and counsel for plaintiff received $3,272.00 in attorney's fees and costs. Doc. No. 31-2. This Court approved that settlement agreement. Doc. No. 32.

At my direction, counsel for Nikitina and Largado submitted the time sheets in both cases for my review.  The time sheets reflect that, in some instances, the same work was performed in each case as follows:

| | | | | |
|---|---|---|---|---|
| *Nikitina* | May 22, 2007 | Pantas | .1 | Telephone conference with Defendants' counsel |
| *Largado* | May 22, 2007 | Pantas | .2 | Telephone conference with Defendants' counsel |
| *Nikitina* | June 18, 2007 | Pantas | .5 | Preparation of Settlement Agreement and General Release |
| *Largado* | June 18, 2007 | Pantas | .5 | Preparation of Settlement Agreement and General Release |
| *Nikitina* | August 20, 2007 | Pantas | 1.00 | Preparation of Joint Notice of Settlement, Motion for Approval of Settlement, Motion to Dismiss Case and Enter Consent Final Judgment |
| *Largado* | July 31, 2007 | Pantas | 1.10 | Preparation of parties Notice of Settlement, Motion for Approval of Settlement, Motion to Dismiss Case with Prejudice and Enter Consent Final Judgment |
| *Nikitina* | September 14, 2007 | Pantas | .30 | Audit of Time Records[1] |
| *Largado* | September 14, 2007 | Pantas | .30 | Audit of Time Records |

These duplicate entries raise concerns that counsel is seeking to be reimbursed in the present case for work already compensated under the attorney's fee portion of the settlement in the *Largado* case.

After deleting the duplicate entries from the time worked in the present case, and after deleting time spent reviewing and responding to an Order to Show Cause to Nikitina which is not appropriately

---

[1] September 14, 2007, was after the *Largado* case had been closed by the Court, and after Nikitina moved for approval of the settlement.

charged to opposing counsel[2], the reasonable number of hours worked by Attorney Pantas would be 4.70 hours.  This Court has determined that a reasonable hourly rate for the work of Attorneys Pantas and Scalise, when contested, is $250.00 per hour.  Applying this hourly rate, and the reduced number of hours worked by Attorney Pantas, results in a lodestar attorneys' fee of $3,393.00.  Counsel is also entitled to be reimbursed for the filing fee in the Nikitina case, $350.00, and service of process fees, $153.00. The total of these amounts, $3,896.00, is only $10.00 less than the agreed attorney's fees and cost award.

A number of courts considering attorney's fees in FLSA cases have reduced the lodestar attorneys' fees because of limited success in the litigation.  *See, e.g., Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168-69 (S.D. Fla. 2003); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1326 (M.D. Fla. 2001); *Gary v. Health Care Servs., Inc.*, 744 F. Supp. 277, 278-79 (M.D. Ga. 1990); *see also Carroll v. Wolpoff & Abramson*, 53 F.3d 626 (4th Cir. 1995).  These cases are inapplicable here, however, because it appears that Nikitina recovered all of the overtime compensation she claimed was due to her.

Further, I recognize that in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time.  The extent of the litigation in the present case, and in the *Largado* case, arose, primarily, because the defendants did not obtain counsel to represent them.  There is no evidence that Nikitina or her attorneys unreasonably attempted to prolong the litigation.  Thus, this is not a case in which the plaintiff or her attorneys had the opportunity to resolve the case for the amount in controversy yet continued to pursue the case for the primary purpose of recovering a greater attorney's fee award.  *Compare Brother v. Miami Hotel Invs., Ltd.*, 341 F. Supp. 2d 1230 (S.D. Fla. 2004).

---

[2]  This totals .2 hours worked by Pantas on June 22, 2007 and July 2, 2007.

I remain concerned that filing FLSA cases in federal court when the alleged amount of wages due and owing is *de minimus* unreasonably increases the attorneys' fees due to the procedural requirements in this Court regarding filing certificates of interested persons, notices of related cases, case management reports, and the like. Nevertheless, plaintiffs have the right to bring federal question cases before this Court. Accordingly, based on the parties' agreement to the proposed settlement and the foregoing analysis, I recommend that the Court approve the settlement agreement and dismiss the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 24, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy